UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON
CIVIL ACTION NO. 5:23-cv-00259-DCR

DYLON BAKER, Administrator of The
Estate of JAMES GERALD BAKER,
and on his own behalf,                                                                                           PLAINTIFF

-vs-                                                        **ANSWER**

The CITY OF JACKSON; Jackson
Police Officers JEFF WATTS and
BRANT NOBLE, in their individual
capacities; Breathitt County Constable
RONNIE BEGLEY, in his individual
capacity; Breathitt County Deputy
Jailer DAVID COMBS, in his
individual capacity; BREATHITT
COUNTY: the KENTUCKY RIVER
REGIONAL JAIL AUTHORITY;
Kentucky River Regional Jail
Administrator LONNIE BREWER and
Deputies TYLER GIBSON, JERALD
PITTMAN, KOURTNEY SLONE,
JOHN BEGLEY, LANDON GIBSON,
BRIAN HOLLAND, ADAM DIALS,
JAMES ISAAC, SCOTT STONE,
NICHOLAS HALL, REGINA STRONG,
JESSICA GUERRA, and DAVID
PRATT, in their individual capacities;
PERRY COUNTY; KNOTT COUNTY:
QUANTUM HEALTHCARE
ASSOCIATES, INC.; Quantum
Healthcare Associates Co-owners
ANTHONY YONTS and MICHAEL
RAICHEL; in their individual
capacities; and, Quantum Healthcare
Associates Nurse EDWINA MINIARD,
in her individual capacity.                                                                                   DEFENDANTS

_____

Comes now the Defendants Breathitt County Constable RONNIE BEGLEY, in his

individual capacity; Breathitt County Deputy Jailer DAVID COMBS, in his individual capacity;

1

BREATHITT COUNTY; PERRY COUNTY; KNOTT COUNTY; the KENTUCKY RIVER REGIONAL JAIL AUTHORITY; Kentucky River Regional Jail Administrator LONNIE BREWER and Deputies TYLER GIBSON, JERALD PITTMAN, JOHN BEGLEY, LANDON GIBSON, BRIAN HOLLAND, ADAM DIALS, JAMES ISAAC, NICHOLAS HALL, REGINA STRONG, JESSICA GUERRA, and DAVID PRATT, in their individual capacities, by and through counsel, and for their answer to the complaint filed in the above-captioned action against him and states as follows:

1. That the Complaint should be dismissed on the grounds that it fails to state a claim against the Defendants for which the Court can properly grant relief.

2. That the Complaint should be barred based upon the applicable statute of limitations.

3. The answering Defendants object to the use of prefaces "as described in the preceding paragraphs" and "the misconduct described in this Count" along with any other prefaces which creates confusion concerning that which is described as opposed to what the answering Defendants actions were and will disregard same.

4. The answering Defendants deny the allegations contained in numerical paragraphs 5, 6, 46, 59, 60, 61, 66, 67, 70, 71, 73, 75, 78, 81, 88, 91, 92, 93, 94, 95, 96, 100, 101, 102, 103, 104, 105, 106, 109, 111, 115, 116, 117, 120, 121, 122, 123, 124, 126, 127, 128, 137, 138, 139, 140, 141, 142, 144. 145, 146, 147, 148, 149, 159, 160, 161, 164, 165, 166, 169, 170, 171, 172, 176, 177, 179, 181, 182 and 183 of the complaint.

5. The answering Defendants lack sufficient knowledge to form a belief as to the truthfulness of the allegations contained in numerical paragraphs 1, 2, 8, 9, 10, 14, 15, 30, 31, 32,

33, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 57, 58, 62, 74, first sentence of 76, 77, 79, 82, 83, 84, 85, 86, 87, 90, 97, 98, 99, 130, 131, 132, 133, 134, 135, 150, 151, 152, 153, 155, 156, 157, 175 and 180 of the complaint and therefore deny at this time;

6. The answering Defendants admit the allegations contained in numerical paragraphs 3, 11, 12, 13, 16, 18, 19, 20, 22, 25, 28, 29, 34, 45, 47, 48, 49, 50, 51, 52, 53, 54, 63, 64, 65, 68, 69, 72, second, third and fourth sentence of 76, 80, 89, 107, 108, 112, 113, 118. 119, 125, 129, 136, 143, 154, 158, 162, 163, 167, 168, 173 and 174 of the complaint.

7. The answering Defendants admit the allegations contained in the first and second sentences of numerical paragraph 4 of the complaint and denies the third sentence wherein it is alleged that multiple employees reported severe bruising and fourth sentence which alleges Mr. Baker informed staff that he required medical attention.

8. The answering Defendants admit that much of numerical paragraph 7 of the complaint which states that on September 24, 2022 James Baker was transported to the local hospital and lacks sufficient information to form a belief regarding the numerous injuries and medical conditions stated therein and therefore deny at this time;

9. The answering Defendants state that the statements of law contained in numerical paragraphs 17, require no affirmative response. To the extent one is required it is denied at this time.

10. The answering Defendants state that the statements of law contained in numerical paragraph 178 of the complaint requires no affirmative response. To the extent one is required it is denied.

11. The answering Defendants state that the duties referred to at numerical paragraphs 155 and 156 are questions of law which require no affirmative response.

12. The answering Defendants admit so much of numerical paragraphs 21, 26 and 27 which states that Breathitt County, Perry County and Knott County are governmental subdivisions of the Commonwealth of Kentucky and denies the remaining allegations contained therein.

13. The answering Defendants generally admit the statements contained in numerical paragraphs 23 and 24 of the Complaint, however, state that any responsibilities / duties asserted therein are questions of law that require no affirmative response. To the extent a response is required, that portion is denied.

14. The answering Defendants state that references to the Standard Medical Questionnaire contained in numerical paragraphs 55 and 56 requires no affirmative responses and the document speaks for itself. To the extent a response is required, it is denied.

15. The answering Defendants admit that part of numerical paragraphs 110 and 114, which states that the answering Defendants "acted under color of law and within the scope of their employment" and deny the remaining allegations contained therein.

16. The answering Defendants deny the allegations contained in numerical paragraphs 2, 7, 8, 9, 13, 14, 16, 20, 21, 22, 23, 24, 25, 26, 27 and 28 of the complaint.

17. The answering Defendants deny each and every statement, allegation and demand contained in the Complaint not heretofore expressly admitted.

18. That the claims of the Plaintiff inasmuch as they attempt to assert liability on the basis of respondeat superior / vicarious liability are barred as a matter of both federal and state law.

19. That the claims of the Plaintiff against the individual Defendants are barred by operation of the doctrines of qualified immunity upon which the individual Defendant relies as a complete and affirmative defense to this action.

20. That the claims of the Plaintiff against the individual Defendants are barred by the doctrine of absolute immunity, official immunity, and good faith immunity upon which the Defendant relies as complete and affirmative defenses to this action.

21. That the claims of the Plaintiff against the Defendants in their official capacities are barred by operation of the doctrine of official immunity upon which the official Defendant or Defendants rely as a complete and affirmative defense to this action.

22. The answering Defendants state that the claims of the Plaintiff are barred by operation of the doctrine of sovereign and/or governmental immunity.

23. The answering Defendants state that public officers are responsible only for their own misfeasance and negligence and are not responsible for the negligence of those employed by them if they have employed persons of suitable skill.

24. The answering Defendants state that the Plaintiffs claim for punitive damages is not supported by the facts of this case and that the punitive damages are not recoverable herein.

25. The answering Defendants state that the claims of the Plaintiff for punitive damages herein against the answering Defendants are barred by operation of law. The

Defendants further asserts that the imposition of punitive damages in this case would violate the constitution of the Commonwealth of Kentucky and the United States of America as Amended in that the imposition of punitive damages in the present case would constitute cruel and inhuman punishment as well as a deprivation of property without due process of law.  The Plaintiffs' claim for punitive damages is not supported by the facts and circumstances surrounding the incident complained of by the Plaintiff and should therefore be dismissed.

26. The Plaintiff's claim for punitive damages is barred in whole or in part by operation of the Kentucky punitive damage statutes.

27. That the Plaintiff is barred from recovery herein, either in whole or in part, by reason of the contributory fault of the Plaintiff.

28. That the Plaintiff is barred from recovery herein, either in whole or in part, by reason of the failure of the Plaintiff to mitigate damages.

29. That the Plaintiff is barred from recovery herein, either in whole or in part, by operation of the doctrine of provocation and / or assumption of risk.

30. That any recovery on behalf of the Plaintiff against the Defendant is barred by the doctrine of intervening causes and/or superseding causes.

31. That the answering Defendants at all times acted in good faith and exercised reasonable care and skill in effectuating their duties as required by law.

32. That the answering Defendants assert and rely upon each and every common law, state law, or federal defense available to him including waiver, estoppel, and failure to exhaust

administrative remedies, failure to mitigate damages, lack of jurisdiction, insufficient process and insufficient service of process, and probable cause.

33. The claims of the Plaintiff are barred by the existence of a pre-existing condition over which this Defendant has no responsibility and no liability as a matter of law.

34. If in fact the Plaintiff's injuries were a result of carelessness or negligence, such carelessness and negligence was the result of an act or omission over which this Defendant had no control and for which he bears no responsibility.

35. That the answering Defendants deny each and every allegation of violation of Plaintiff's civil rights as is set forth in Plaintiff's complaint. The Defendants at all times relevant hereto followed applicable policies and procedures in providing housing, medical care, and security during plaintiff's arrest, transport and confinement.

36. The answering Defendants state that if in fact the Plaintiff was injured or injuries were exacerbated and damaged as set out in the complaint that such injuries or damages are the result of an intervening and superseding cause or the negligence of a third party for which this Defendant is not responsible as a matter of law.

37. That the answering Defendants assert each and every privilege, defense and immunity available to them under the laws of the United States of America and the Commonwealth of Kentucky.

38. The answering Defendants adopt each and every defense raised by co-defendants in this matter.

WHEREFORE, having fully answered, the answering Defendants demand that the Complaint be dismissed and that the Plaintiff take nothing thereby, for their costs herein expended, for trial by jury and for any and all other relief to which they may appear entitled whether at law or in equity.

>PORTER, BANKS, BALDWIN & SHAW, PLLC
>327 Main Street, P.O. Drawer 1767
>Paintsville, Kentucky 41240-1767
>Telephone: (606) 789-3747
>Facsimile: (606) 789-9862

By: /s/Jonathan C. Shaw
Jonathan C. Shaw, Attorney for Defendants Breathitt County Constable RONNIE BEGLEY, in his individual capacity; Breathitt County Deputy Jailer DAVID COMBS, in his individual capacity; BREATHITT COUNTY; PERRY COUNTY; KNOTT COUNTY; the KENTUCKY RIVER REGIONAL JAIL AUTHORITY; Kentucky River Regional Jail Administrator LONNIE BREWER and Deputies TYLER GIBSON, JERALD PITTMAN, JOHN BEGLEY, LANDON GIBSON, BRIAN HOLLAND, ADAM DIALS, JAMES ISAAC, NICHOLAS HALL, REGINA STRONG, JESSICA GUERRA, and DAVID PRATT, in their individual capacities

CERTIFICATE OF SERVICE:

The undersigned hereby certifies to electronically filing and delivery via electronic service upon of the foregoing this 10th day of October, 2023 to:

Arthur Loevy (Arthur@loevy.com)
Michael Kanovitz (Mike@loevy.com)
Amy Robinson Staples (amy@loevy.com)
Steve Weil (weil@loevy.com)
LOEVY & LOEVY
311 N. Aberdeen St., 3rd Fl.
Chicago, IL 60607
*Counsel for Plaintiff*

By:   /s/ Jonathan C. Shaw
      Jonathan C. Shaw