IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

| | |
|---|---|
| DYLON BAKER, *Administrator of the* *Estate of* JAMES GERAL BAKER, *and* *on his own behalf,* | ) ) ) |
| PLAINTIFF, | ) ) ) |
| v. | )  CASE NO.   5:23-CV-259-DCR |
| THE CITY OF JACKSON, et al; | ) ) ) |
| DEFENDANTS. | ) |

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO BAR TESTIMONY AND OPINION OF COUNTY DEFENDANTS' EXPERT JEFFREY CARTER**

Plaintiff, DYLON BAKER, by and through undersigned counsel, submits the foregoing Reply to County Defendants' Response (Doc. 136, Response) to Plaintiff's Motion to Bar Certain Testimony of County Defendants' expert, Jeffrey Carter. Doc. 118, Motion. In support, Plaintiff states as follows:

I. **County Defendants Provide No Credible Rebuttal to Plaintiff's Argument that Carter's Opinions and Testimony that Rest Upon Unsupported Speculation Should be Barred**

　　A. **The Record Does Not Support Carter's Contention that Miniard's Failure to Escalate the Situation after Being Told the Jail was Short Staffed Signaled to Jail Staff that Mr. Baker Did not Need the Emergent Care She Had Ordered**

Plaintiff moved to bar Carter's opinion and testimony that Defendant Miniard's decision not to call an ambulance – after jail staff refused to have Mr. Baker transported to the hospital - communicated to jail staff that Mr. Baker's condition did not require an immediate, urgent response because it is speculative and contradicts the record. Doc. 118, Motion, Page ID#2639-

1

41. In so doing, Plaintiff noted that when questioned at his deposition if he found evidence in the record from jail staff in which they alleged to have perceived Defendant Miniard's inaction as downgrading Mr. Baker's need for emergent care at the hospital, Mr. Carter responded, "No. That was *my perception* of the case material." *Id.* at Page ID#2641 (emphasis added). Carter agreed there was *no* evidence in the record where anyone – including Defendant Miniard – indicated they believed Mr. Baker's condition was manageable without emergency intervention based on Miniard's failure to escalate the situation. *Id.* Instead, the record reveals that Mr. Baker was not transported to the hospital on September 23, 2022 because the jail was short staffed and because Miniard did nothing once jail staff told her no. *Id.; see also,* Doc. 103, Miniard Dep., Page ID#1209, 103:16-18; Page ID#1213, 119:5-8.

In response to Plaintiff's claim that Carter's opinion is speculative and contrary to the record, County Defendants provide *further* speculative and irrelevant information – with zero legal support. For instance, Defendants aver "we do not know what, if anything, was conveyed by Nurse Miniard to any jail staff regarding Mr. Baker." Doc. 136, Response, Page ID#3373. But, that's not what the record reveals. Nurse Miniard testified that she informed Defendant Gibson of Mr. Baker's need for emergency treatment at the hospital. Doc. 103, Miniard Dep., Page ID#1209, 103:12-15. Miniard's September 23, 2022 nurse narrative note states she "informed Landon Gibson that [Mr. Baker] needed to go to ER." Doc 122-2, Page ID#2829. And, though Defendant Gibson could not recall the specific conversation he had with Miniard about Mr. Baker and the staffing issue, he acknowledged, "that sounds about right" because the jail "has a lot of call-ins." Doc. 99, Gibson Dep., Page ID#1084, 112:18-113:2. Further, Miniard testified her practice was to only recommend one be sent to the hospital in a truly emergent

2

situation[1]; otherwise, she would recommend the patient be transported to Quantum's clinic. Doc. 103, Miniard Dep., Page ID#1209, 105:14-106:1.

An expert's opinion must rest upon a reliable foundation, not unsupported speculation. *Conwood Co., L.P. v. U.S. Tobacco Co.,* 290 F.3d 768, 792 (6th Cir.2002). Carter's opinion and testimony that Defendants concluded Mr. Baker's medical condition was manageable without care at the hospital is Carter's personal assumption that is contradicted by the evidence and "what is known." *In Re Scrap Metal Antitrust Litigation,* 527 F.3d 517, 529 (6th Cir.2008). Accordingly, it should be barred from trial.

### B. Defendants Provide No Rebuttal for Plaintiff's Claim that Carter's Testimony Regarding Defendants' State of Mind and Intent Should be Barred

Plaintiff further moved to bar Carter's speculative testimony regarding the state of mind of Defendants Miniard and KRRJ staff regarding the severity and urgency of Mr. Baker's medical condition under Federal Rule 704. Doc. 118, Motion, Page ID#2641. Defendant responds by arguing that "throughout Plaintiff's motion 'urgent,' 'severe' and 'emergency' are interchanged as if each mean the same thing" and that "there is a marked difference between 'emergency' and 'urgent.' Doc. 136, Response, Page ID#3374. Admittedly, Plaintiff does not understand how this response correlates to Plaintiff's claim that an expert may not opine on the state of mind and intent of others, pursuant to Rule 704, and Defendants provide no legal

---

[1] In an apparent attempt to argue, for the first time, that there is a distinction between "emergent care" and "emergency care," Defendants attach a 1980 Ky. Attorney General Opinion pertaining to whether Paramedics and Emergency Medical Technicians may give physical examinations for the purpose of an individual obtaining life insurance. Doc. 136-1, Page ID#3378. This "opinion" is not binding authority and is wholly irrelevant to the claims at hand and to the Kentucky River Regional Jail and its defendants. *See, Garner v. Bowling Green Metalforming LLC,* 2012 WL 5866452, at *2-3 (W.D.Ky. Nov. 19, 2012) (Kentucky Attorney General Opinions are not binding authority on Kentucky law).

support otherwise. Further, in his report, Carter *himself* interchanges the words of which Defendants complain. *See,* Doc. 118-1, Report, ¶92 ("…the lack of immediate action, such as insisting on immediate transport or suggesting alternative measures, might signal to a reasonable corrections commander that the *urgency* of the situation was not as critical as initially thought) (emphasis added); ¶93 ("…calling an ambulance is typically one of the fastest and most effective responses in an *emergency* situation…The decision not to call an ambulance…would reasonably communicate to a corrections officer that the nurse does not view the situation as requiring an immediate and *urgent* response. I find this decision could be interpreted as the nurse downgrading the perceived *severity* of Mr. Baker's condition.") (Emphasis added); ¶95 ("I find the fact that LPN Miniard requested transport, then did not escalate the situation upon learning of staffing issues,…would convey to a reasonable corrections officer that Mr. Baker's condition was not *emergent* at the that time…the absence of these steps would logically lead to the conclusion that the problem was manageable without *emergency* intervention.") (emphasis added)

### C. Defendants Do Not Rebut Plaintiff's Claim that Carter May Not Opine on the Severity of Mr. Baker's Condition, as it Exceeds the Scope of his Expertise

Plaintiff moved to bar Carter's personal opinion that "not in my opinion, no" was Mr. Baker's medical condition serious enough to warrant him going to the ER on September 23, 2022 because such testimony exceeds Carter's scope of expertise. Doc. 118, Motion, Page ID#2644; Doc 110, Carter Dep., Page ID#1511, 110:20-22. In response, Defendants only rebuttal is to say "Mr. Carter's testimony is not that in his opinion the "medical condition was not serious

4

enough" but that the actions of medical staff were insufficient to convey to jail staff that Mr. Baker's medical condition was serious enough…" Doc. 136, Response, Page ID#3375. But, Carter's own testimony, quoted above, reveals otherwise. For the reasons stated within the Motion, Carter lacks the proper "knowledge, skill, experience, training, or education" to opine on the severity of Mr. Baker's condition; therefore, such testimony "lacks proper substantiation," is "worthless," and should be excluded. *In Re Scrap Metal Antitrust Litigation,* 527 F.3d at 528- 29.

## II. Defendants Ignore Carter's Testimony and Provide No Rebuttal for Plaintiff's Claim that Carter May not Opine on Plaintiff's Expert Qualifications, a Role for the Court

Plaintiff moved to bar Carter's testimony and opinion regarding the qualifications of Plaintiff's expert, Dr. Murray Young. Doc. 118, Motion, Page ID#2645. In so doing, Plaintiff cited directly to Carter's report in which he states that he "finds" Dr. Young's statements regarding the KRRJ Defendants' use of OC spray on Mr. Baker and placing Mr. Baker in the restraint chair are "unsupported and disingenuous." *Id.; see also*, Doc. 118-1, Report, ¶71. In reaching that conclusion, Carter states that "in reviewing Dr. Young's education, experience, and work history, I found no evidence that he received training, or has any experience in defensive tactics, or the application of force on a combative person." *Id.*

In their response, Defendants do not acknowledge this direct quote from Carter's report that Plaintiff has moved to bar testimony about, and instead, argues that Plaintiff's argument is "misplaced." Doc. 136, Response, Page ID#3375. As noted in his motion, the Court must adjudicate Dr. Young's qualifications and the reliability of his opinions, not Carter. *Daubert v. Merrell Dow Pharms., Inc.,* 509 U.S.579, 589 (1993).

5

## CONCLUSION

WHEREFORE, for the reasons stated in Plaintiff's Motion and above, Plaintiff respectfully requests this Court preclude Mr. Carter from testifying to the above-cited issues.

Respectfully Submitted,

*/s/Amy Robinson Staples*
Amy Robinson Staples.
LOEVY & LOEVY
*18 Village Plaza, PMB 181
Shelbyville, KY 40065
amy@loevy.com

Arthur Loevy
Mike Kanovitz
LOEVY & LOEVY
311 N. Aberdeen, 3rd Floor
Chicago, IL 60607
arthur@loevy.com
mike@loevy.com

*local address*

*Attorneys for Plaintiff Baker*
